

# Fourth Court of Appeals
## San Antonio, Texas

March 4, 2014

No. 04-13-00518-CV

Sandra Garza **DAVIS** f/k/a Sandra C. Saks and Landen Saks,
Appellants

v.

Lauren Saks **MERRIMAN**,
Appellees

From the Probate Court No 1, Bexar County, Texas
Trial Court No. 2011-PC-3466
Honorable Polly Jackson Spencer, Judge Presiding

# O R D E R

Sitting: Sandee Bryan Marion, Justice
     Marialyn Barnard, Justice
     Rebeca C. Martinez, Justice

This is an appeal from the trial court's "Order Confirming Award of Arbitrator and Final Judgment." On February 13, 2014, the law firm of Heinrichs & De Gennaro filed a "First Amended Motion to Intervene in the Appeal." In the motion, the firm states it "has a significant interest in the Judgment in that the Judgment grants the law firm an award of substantial attorney's fees against the Saks Family Trust a/k/a ATFL&L which may be affected by the appeal." "The law firm seeks, by way of this intervention, to protect its interest in the Judgment."

The trial court's "Order Confirming Award of Arbitrator and Final Judgment" does not award the firm attorney's fees. Instead, the Order confirms the "Arbitrator's Findings and Final Award," in which the Saks Family Trust or ATFL&L was ordered to pay the law firm attorney's fees in the amount of $285,000, plus expenses in the amount of $12,358.85, as well as additional sums in the event of an appeal.

As a general rule, only parties of record may appeal a trial court's judgment. *In re Lumbermens Mut. Cas. Co.*, 184 S.W.3d 718, 723 (Tex. 2006) (orig. proceeding). The Supreme Court has recognized a limited exception—the virtual-representation doctrine—to the general rule in that "a person or entity who was not a named party in the trial court may pursue an appeal

in order to vindicate important rights" "if it will be bound by the judgment, its privity of interest appears from the record, and there is an identity of interest between the litigant and a named party to the judgment." *Id.* at 722. Here, the law firm was not a party to the underlying suit, is not bound by the "Arbitrator's Findings and Final Award," and makes no argument in its motion that it satisfies the virtual-representation doctrine. Also, the law firm makes no argument that the actual parties to the "Arbitrator's Findings and Final Award" are unable to adequately represent their own interests, and thus indirectly, the interests of the law firm.

Accordingly, the motion is DENIED.

_Sandee Bryan Marion_
Sandee Bryan Marion, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 4th day of March, 2014.

Keith E. Hottle
Clerk of Court